**Cornell MATTHEWS, and Jerry Williams, Appellants,**

v.

**STATE of Indiana, Appellee.**

**No. 49S02–9111–CR–898.**

Supreme Court of Indiana.

Nov. 14, 1991.

Monica Foster, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Matthews and Williams were convicted, after a bench trial, of theft, a class D felony, for having stolen a copper header from an air conditioning unit. Williams' conviction was overturned by the Court of Appeals, in a memorandum decision, 570 N.E.2d 136, because the evidence used against him had been obtained during an illegal search of the trunk of his car. The State has not sought transfer regarding this reversal and, therefore, that part of the Court of Appeals' memorandum decision is summarily affirmed pursuant to Appellate Rule 11(B)(3). In the same memorandum decision, the Court of Appeals, with Judge Sullivan dissenting, affirmed Matthews' convictions for theft and resisting law enforcement on the premise that evidence obtained during the search of Williams' car was admissible against Matthews, because he had no standing to challenge the search. Matthews seeks transfer regarding the Court of Appeals' affirmance of his conviction for theft. He does not contest his conviction for resisting law enforcement. The facts, necessary for deter-

mining the sufficiency of the evidence question he raises, follow.

An activated silent alarm summoned police to the offices of Ideal Heating and Air Conditioning during the night of June 22, 1988. When the police arrived, they saw Matthews standing between the exterior of the building and four air conditioning units next to the building. Matthews fled when police arrived, but was apprehended a few moments later. Williams was apprehended behind the building. At the scene, the police saw a crowbar, gloves, and a hammer near the air conditioning units. The police officers decided to tow Williams' car which was located in the adjoining parking lot. One officer prepared a tow slip and opened the closed trunk in order to inventory the car. Conducting such a vehicle inventory is standard procedure after an arrest is made. In this case, however, the officers had not made an arrest before conducting the inventory search. While conducting the search of Williams' car trunk, a copper header (a section of copper piping used on air conditioning equipment) was found. The establishment's proprietor was called to the scene. He examined the copper header and determined that it was from one of his units.

Matthews seeks to reverse his conviction because the evidence is insufficient to sustain the verdict. He argues that there is no evidence directly linking him to the header found in Williams' closed trunk. We agree.

Matthews denied taking the header and testified that he did not have access to or see inside of Williams' trunk and was not aware of the contents of the trunk. There was no evidence introduced to contradict this testimony. In reviewing the transcript of the evidence adduced at trial, we agree with Judge Sullivan's dissent that we "see no evidence which would permit a reasonable trier of fact to find beyond a reasonable doubt that Matthews was in any way connected to the copper header found in the trunk of Williams' car." In short, there was no evidence introduced to prove that Matthews had knowingly or intentionally exerted unauthorized control over the header found in Williams trunk. Thus, the evidence as required by *Ind.Code* § 35–43–4–2 to sustain Matthews' conviction for theft, is absent. The absence of such evidence requires that he be acquitted.

Accordingly, Cornell Matthews' conviction is reversed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., concurs in result.